IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRACY L. PARKER, | ) | |
| No. 12530-026, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-CV-01110-DRH |
| | ) | |
| JEFFREY S. WALTON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Tracy L. Parker is in the custody of the Bureau of Prisons, housed at the United States Penitentiary in Marion, Illinois. Parker pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and was sentenced in 2000 to a 150-month term of imprisonment. *United States v. Parker*, No. 00-cr-20028-MPM-1 (C.D. Ill. 2000). Parker was sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e), based on eight prior Illinois convictions for "violent" felonies, including burglary, residential burglary, and aggravated burglary. Parker did not file a direct appeal, nor did he ever attack his sentence under 28 U.S.C. § 2255.

Parker has now filed this habeas corpus action pursuant to 28 U.S.C. § 2241, seeking to overturn his sentence. He contends that he is actually innocent of being an Armed Career Criminal because the sentencing court erroneously treated all of his burglary convictions as qualifying as "violent" felonies without

comparing the elements of the statutory offense(s) to the generic crime of burglary (under the so-"categorical approach" or "modified categorical approach," depending on whether the statute's elements are indivisible or divisible, allowing the court to consult additional documents of the crime is divisible). Petitioner cites (among several related cases) *Begay v. United States*, 553 U.S. 137 (2008), and *Descamps v. United States*, ––– U.S. –––, 133 S.Ct. 2276, 186 L.Ed.2d 438 (June 20, 2013).

*Begay* holds that to qualify as a "violent felony" under the Armed Career Criminal Act, a crime must be "roughly similar, in kind as well as in degree of risk posed, to the examples" listed in the residual clause, that is, burglary, arson, extortion, or crimes involving the use of explosives. *Id.* at 142–43. *Descamps* is the Supreme Court's most recent decision on the Armed Career Criminal issue. *Descamps* holds that courts may not apply the modified categorical approach to sentencing (and consider additional documentation) under the Armed Career Criminal Act when the crime has a single, indivisible set of elements.

## Discussion

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).  Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e).  28 U.S.C. § 2255(e).  The savings clause allows a petitioner to bring a claim under Section 2241, where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention.  *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice.  *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).  In *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012), the Seventh Circuit reiterated, " 'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.' " *Id*. (citing *Taylor v. Gilkey*, 314

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).  Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e).  28 U.S.C. § 2255(e).  The savings clause allows a petitioner to bring a claim under Section 2241, where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention.  *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice.  *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).  In *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012), the Seventh Circuit reiterated, " 'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.' " *Id*. (citing *Taylor v. Gilkey*, 314

F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

Thus, whether petitioner may utilize the "savings clause" of Section 2255(e) depends on whether *Descamps*, which is clearly a statutory interpretation case, is retroactive. It appears that the Court of Appeals for the Seventh Circuit has not yet addressed *Descamps* vis-à-vis Section 2255(e). Although it appears that *Descamps* is not retroactive, it will be worth soliciting a response from the government regarding this new link in the *Begay* line of cases, thereby ensuring that the issue is fully addressed. Furthermore, there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate; the district court record is unavailable. Therefore, Respondent Walton will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 25th day of November, 2013.

Digitally signed by
David R. Herndon
Date: 2013.11.25
12:09:16 -06'00'

**Chief Judge**
**United States District Court**