IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY L. PARKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil No. 13-cv-1110-DRH-CJP |
| ) | |
| JEFFREY S. WALTON ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Tracy L. Parker, an inmate in the custody of the BOP, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner was sentenced as an armed career criminal (ACC) under 18 U.S.C. § 924(e). He argues that he is entitled to habeas relief because his prior convictions for burglary are not violent felonies under the "categorical approach" mandated by the Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013).

Now before the Court is respondent's Motion to Dismiss (Doc. 7). Respondent argues that petitioner cannot proceed under § 2241 because the remedy under 28 U.S.C. § 2255 is still available to him.

Petitioner filed a response in opposition (Doc. 9). He also filed an "Amendment and Clarification" to his petition (Doc. 8) and a Request to Take Judicial Notice (Doc. 10). The Court has considered the matters raised in all of petitioner's pleadings in ruling on respondent's motion.

## I. Relevant Facts and Procedural History

On September 28, 2000, Parker pled guilty to one count of possession of a firearm by a convicted felon in the Central District of Illinois. Because he had at least three prior convictions for violent felonies, he was sentenced as an armed career criminal (ACC) under 18 U.S.C. § 924(e) and received 150 months imprisonment.

According to the petition, the presentence investigation report stated that Parker had prior Illinois convictions for violent offenses consisting of four burglaries, one residential burglary, one aggravated battery, and one arson. Doc. 1, pp. 2-3.

Parker did not file a direct appeal or a motion under 28 U.S.C. § 2255. Doc. 1, p, 3; Doc. 7, Ex. 3.

## II. Present Custody Status

Petitioner's 150 month sentence has now expired. *See* Doc. 7, p. 3, n. 2. However, he also pled guilty in September, 2002, to charges of conspiracy to escape and attempted escape. These charges arose out of a scheme to escape from custody while he was awaiting sentencing on the felon in possession charge. He was sentenced to 48 months imprisonment on each charge, to run consecutively to each other and to the 150 month sentence on the felon in possession conviction. *See U.S. v. Parker*, 368 F.3d 963 (7th Cir. 2004).

For habeas purposes, consecutive sentences are viewed in the aggregate. Parker is still "in custody" and can challenge the expired 150 month sentence

because a successful challenge "would advance the date of his eligibility for release from present incarceration." *Garlotte v. Fordice*, 115 S.Ct. 1948, 1952 (1995).

### III.   Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S. C. § 2255 in the court which sentenced him.  Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).  However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under § 2255.  A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241.  28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition

where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). S*ee United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir.2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

### IV. Analysis

In *Descamps*, the Supreme Court held that, in determining whether a prior conviction qualifies as a violent felony for purposes of 18 U.S.C. § 924(e), sentencing courts must apply the "categorical approach," and "may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Descamps*, 133 S. Ct. at

2282. The prior conviction at issue in *Descamps* was, as here, burglary. Petitioner here argues that, if the sentencing court were to apply the categorical approach as mandated by *Descamps*, it would have to conclude that burglary as defined by the Illinois statute is not a crime of violence for purposes of § 924(e).

In its order on threshold review, the Court directed respondent to address the question of whether *Descamps* applies retroactively. Respondent now informs the Court that the Department of Justice has issued a nation-wide directive instructing federal prosecutors to refrain from asserting that *Descamps* is not retroactive on collateral review. *See* Doc. 7, p. 7, n. 4.

Respondent argues that petitioner cannot bring a § 2241 petition because the remedy under § 2255 is still available to him. Parker has not filed a motion under § 2255, so the prohibition against second or successive motions does not stand in his way. *Descamps* was decided on June 20, 2013. Assuming that the Supreme Court recognized a new right in *Descamps*, § 2255(f)(3) gives petitioner one year from that date in which to file a § 2255 motion in the Central District of Illinois.

The Court has considered the points raised in petitioner's response and additional pleadings, Docs. 8, 9 & 10. The Court understands that petitioner relies on *Begay v. United States*, 128 S. Ct. 1581 (2008), to argue that his arson conviction is not a crime of violence. He argues that his reliance on *Begay* means that the remedy offered by § 2255 is inadequate or ineffective as to him. However, in view of the lineup of his prior convictions, simply knocking out the arson

conviction would not suffice to invalidate his ACC sentence. Because Parker has at least four burglary convictions, his challenge to his enhanced sentence must rely on *Descamps.*

This Court concludes that the remedy offered by § 2255 is still available to petitioner. Therefore, he cannot proceed in this District by way of § 2241.

### V. Conclusion

Respondent's Motion to Dismiss (Doc. 7) is **GRANTED**.

Tracy L. Parker's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITH PREJUDICE.**

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**
Signed this 26th day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.26 12:12:54 -05'00'

**Chief Judge**
**United States District Court**