## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY L. PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 13-cv-1110-DRH-CJP |
| | ) |
| JEFFREY S. WALTON, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Before the Court is Petitioner's Motion to Reconsider (Doc. 15). The motion was filed within twenty-eight days of the entry of judgment, and will therefore be construed as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). *Patricia Banks v. Chicago Board of Education*, ___ F.3d ___, 2014 WL 1628125, *3 (7th Cir. 2014).

Tracy L. Parker ("Parker") asks the Court to reconsider its order dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2241. The Court granted respondent's motion to dismiss because the remedy under 28 U.S.C. § 2255 is still available to petitioner. Therefore, he does not fit within the savings clause of § 2255(e).

Parker was sentenced in 2000, but has never filed a § 2255 motion. His § 2241 petition argues that he is "actually innocent" of being an Armed Career Criminal because his predicate crimes are not violent felonies within the meaning of 18 U.S.C. § 924(e). His prior convictions include four burglaries, one

residential burglary, one aggravated battery, and one arson, all Illinois crimes. He cited both *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Begay v. United States*, 128 S. Ct. 1581 (2008), in his petition and in later-filed pleadings.

Rule 59(e) motions serve a narrow purpose and must clearly establish either a manifest error of law or fact, or must present newly discovered evidence. *Moro v. Shell Oil Company*, 91 F.3d 872, 876 (7th Cir. 1996). Parker argues that the Court erred in overlooking his citation to *Begay*, in not honoring his choice to proceed under § 2241, and in dismissing his case with prejudice.

The Court did not overlook petitioner's reliance on *Begay*. Rather, the Court specifically acknowledged that he cited *Begay* as well as *Descamps*:

> The Court has considered the points raised in petitioner's response and additional pleadings, Docs. 8, 9 & 10. The Court understands that petitioner relies on *Begay v. United States*, 128 S. Ct. 1581 (2008), to argue that his arson conviction is not a crime of violence. He argues that his reliance on *Begay* means that the remedy offered by § 2255 is inadequate or ineffective as to him. However, in view of the lineup of his prior convictions, simply knocking out the arson conviction would not suffice to invalidate his ACC sentence. Because Parker has at least four burglary convictions, his challenge to his enhanced sentence must rely on *Descamps*.

Doc. 13, p.p. 5-6. The Court concluded that, assuming *Descamps* recognized a new right, Parker has one year from the date it was decided in which to file a § 2255 motion.[1]

Petitioner now seeks to downplay his reliance on *Descamps*, and argues that *Begay* applies to both his burglary convictions and his arson conviction.

---

[1] The Court notes that petitioner cannot "lever his way into section 2241 by *making* his section 2255 remedy inadequate . . . ." *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)(emphasis in original).

This Court disagrees.  Parker argues in his petition that his burglary convictions are not violent felonies because there is a mismatch between the elements of generic burglary and the elements of the Illinois burglary statute.  He says that generic burglary requires unlawful entry, but the Illinois statute does not.  He also asserts that the there is "nothing memorialized in the factual record" as to whether the sentencing court used the categorical approach or the modified categorical approach to determine that his burglary convictions were violent felonies.  Doc. 1, pp. 6-7.  That argument is derived from *Descamps*, 133 S. Ct. at 2291-93, and not *Begay*.

Petitioner's claim necessarily rests on the proposition that *Descamps* announced a new rule.  It should be clear that this Court is not expressing any opinion on that question.  Rather, as Parker does not face the second or successive bar to filing a § 2255 motion, the remedy provided by § 2255 is not inadequate or ineffective as to him.  His arguments should be addressed to the sentencing court.

Petitioner cites *Collins v. Holinka*, 510 F.3d 666 (7th Cir. 2007), for the proposition that courts must respect a petitioner's choice of which statute to invoke in a collateral attack.  However, that rule does not mean, as Parker seems to believe, that he can choose to proceed under § 2241 regardless of § 2255(e).

Lastly, petitioner has not demonstrated that it was error to dismiss his case with prejudice.  This Court had subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005).  The Court

determined that petitioner was not entitled to habeas relief under 2241 because the remedy provided by 2255 is not inadequate or ineffective as to him. This was an adjudication on the merits, and dismissal with prejudice was proper. *Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993).

Petitioner's Motion to Reconsider (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**
Signed this 26th day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.26 09:49:54 -05'00'

**Chief Judge**
**United States District Court**